THE STATE, Respondent, v. BANFIELD, Appellant.

1. An indictment for betting on an election, under section 27 of article 8 of the act concerning crimes and punishments, (R. C. 1845,) which charges that the election was for a probate judge of the county, and was held on a specified day, and was authorized by the laws of the state, is sufficient, the statute showing that the day named was the one fixed by law.

*Appeal from Greene Circuit Court.*

No appearance for appellant.

*Gardenhire*, (attorney general, for the State,) referred to R. C. 1845, p. 404, § 27, and Sess. Acts, 1847, p. 40, 41, 42, § 1 and 9.

RYLAND, Judge, delivered the opinion of the court.

This was an indictment founded on the 27th section of the 8th article of the act concerning crimes and punishments, (R. C. 1845, p. 404.) The defendant is charged with betting a pair of boots with James Morrison, on the result of an election which was holden on the first Monday in August, A. D. 1855, in the county of Greene and state of Missouri, for the office of probate judge, within and for said county; one James Dollison and George W. Mitchell being then and there candidates for the said office of probate judge; said election being then and there authorized by the laws of the state of Missouri. The time charged in the indictment, when the bet was made, was the 25th July, 1855.

The defendant, Banfield, appeared and moved to quash the indictment: his motion was overruled. He then plead guilty and was fined ten dollars by the court. He then moved in arrest of judgment, which being overruled, he appealed to this court and now insists upon the insufficiency of the indictment. We think the indictment substantially good. The public law has created the office of probate judge for Greene county, and fixed the time for electing the probate judge. The first election

30—VOL. XXII.

for this office was held on the first Monday in August, A. D. 1847, and the elections are to take place every two years thereafter. Consequently, the first Monday in August, 1855, was the day for said election of probate judge for said county of Greene. The indictment charges that the said election was then and there authorized by the laws of the state of Missouri.

The indictment being good, the judgment of the court below must be affirmed ; Judge Leonard concurring.